IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-45-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ERIC LEE MANY GUNS, | |
| Defendant. | |

## I. Synopsis

Mr. Many Guns was accused of violating his conditions of supervised release by failing to reside in a residential reentry center for 120 days. He admitted to the violation. Mr. Many Guns's supervised release should be revoked. He should be sentenced to six months in custody, with 18 months of supervised release to follow. The same conditions of release should be continued. If he is eligible, he should again be required to reside in a residential reentry center upon his release from custody.

## II. Status

On September 13, 2012, United States District Judge Sam E. Haddon accepted Mr. Many Guns's plea of guilty to the offense of Assault Resulting in

1

Serious Bodily Injury. (Doc. 23.) Mr. Many Guns was sentenced to 33 months of incarceration, with 3 years of supervised release to follow. (Doc. 31.) Mr. Many Guns's first term of supervised release began on October 30, 2014. (Doc. 38.)

Mr. Many Guns's supervised release was revoked in June 2015 because he violated his conditions by associating with a convicted felon and using alcohol. He was sentenced to three months of custody and 33 months of supervised release, with the condition that he enter and complete 120 days at a residential reentry center. (Doc. 49.) He began his current term of supervised release on August 31, 2015. (Doc. 51.)

**Petition**

On October 6, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Many Guns's supervised release. In the petition, the Probation Office accused Mr. Many Guns of violating Special Condition 1 of his supervised release by failing to reside at a residential reentry center for 120 days. (Doc. 51.) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Many Guns's arrest. (Doc. 52.)

**Initial appearance**

Mr. Many Guns appeared before the undersigned on December 3, 2015, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him at

the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Many Guns said he had read the petition and understood the allegation. Mr. Many Guns waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On December 3, 2015, Mr. Many Guns appeared with Mr. Gallagher before the undersigned for a revocation hearing. Ms. Betley appeared on behalf of the United States.

Mr. Many Guns admitted that he violated Special Condition 1 of his supervised release. The violation is serious and warrants revocation of Mr. Many Guns's supervised release.

Mr. Many Guns's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Both parties recommended the Court sentence Mr. Many Guns to nine months in custody, with no supervised release to follow. Mr. Gallagher said Mr.

Many Guns is unfortunately unable to make a personal commitment at this time to recover from his alcoholism.  Ms. Betley noted it is rare to see someone who is so determined not to follow the conditions of his supervised release.  Mr. Many Guns addressed the Court and agreed with the parties' recommendation.

### III.  Analysis

Mr. Many Guns's supervised release should be revoked because he admitted violating its conditions.  Mr. Many Guns should be sentenced to six months of incarceration, with 18 months of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.  The conditions previously imposed should be continued.  If Mr. Many Guns is eligible, he should be required to reside in a residential reentry center upon his release from custody.

Though the parties argued continued supervision is not appropriate in this case, the undersigned disagrees.  This is only Mr. Many Guns's second revocation.  Moreover, he was intoxicated at the time of the underlying offense and is clearly a danger to the community when he consumes alcohol.  It is in the best interests of the community to continue to work with Mr. Many Guns to address his addiction.

### IV.  Conclusion

Mr. Many Guns was advised that the above sentence would be

recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Many Guns's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Many Guns's supervised release and what, if any, sanction to impose.

    The undersigned **FINDS:**

    Eric Lee Many Guns violated Special Condition 1 of his supervised release by failing to return to the Great Falls Transition Center on October 2, 2015.

    The undersigned **RECOMMENDS:**

    The District Court should enter the attached Judgment, revoking Mr. Many Guns's supervised release and committing Mr. Many Guns to the custody of the United States Bureau of Prisons for six months, with 18 months of supervised release to follow. The Court should include the following condition as a condition of Mr. Many Gun's supervised release:

    If eligible, the defendant shall reside in a Residential Reentry Center (RRC) under contract to the United States Bureau of Prisons, in the pre-release component, for a period of 120 days. The defendant shall abide by all rules and regulations of the center and successfully complete any programming as deemed appropriate by the United States Probation Officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 4th day of December, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge