IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-45-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ERIC LEE MANY GUNS, | |
| Defendant. | |

## I. Synopsis

The United States of America accused Mr. Many Guns of violating his conditions of supervised release by committing another crime while under supervision and by consuming alcohol. Mr. Many Guns's supervised release should be revoked. He should be sentenced to eight months of incarceration, with no supervised release to follow.

## II. Status

On September 13, 2012, United States District Judge Sam E. Haddon accepted Mr. Many Guns's plea of guilty to the offense of Assault Resulting in Serious Bodily Injury. (Doc. 23.) Mr. Many Guns was sentenced to thirty-three months of incarceration, with thirty-six months of supervised release to follow.

1

(Doc. 31.) Mr. Many Guns's first term of supervised release began on October 30, 2014. (Doc. 38.)

Mr. Many Guns's supervised release was revoked in June 2015 because he violated his conditions by associating with a convicted felon and using alcohol. He was sentenced to three months of custody and 33 months of supervised release, with the condition that he enter and complete 120 days at a residential reentry center. (Doc. 49.) He began his second term of supervised release on August 31, 2015. (Doc. 51.)

On January 4, 2016, The Court revoked Mr. Many Gun's supervised release because he violated its terms by absconding from the Great Falls Treatment Center. The Court sentenced Mr. Many Guns to six months incarceration, with eighteen months of supervised release to follow. (Doc. 60.) His current term of supervision began on May 27, 2016.

**Petition**

On September 27, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Many Guns's supervised release. In the petition, the Probation Office accused Mr. Many Guns of violating the conditions of his supervised release by committing another crime while under supervision and by consuming alcohol. (Doc. 63.) Based on the petition, United States District Judge

Brian Morris issued a warrant for Mr. Many Guns's arrest. (Doc. 64.)

**Initial appearance**

Mr. Many Guns appeared before the undersigned on September 29, 2016, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Many Guns said he had read the petition and understood the allegation. Mr. Many Guns also moved the Court to have the reference to Partner Family Member Assault stricken from the petition. The Court granted the motion. Mr. Many Guns then waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Many Guns admitted that he violated the conditions of his supervised release by consuming alcohol. The violation is serious and warrants revocation of Mr. Many Guns's supervised release.

Mr. Many Guns's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for

three to nine months in custody.

Mr. Gallagher recommended that the Court sentence Mr. Many Guns a sentence at the low-end of the guidelines, with no supervised release to follow. Mr. Weldon recommended a sentence of twelve months of incarceration, with no supervised release to follow.

### III. Analysis

Mr. Many Guns's supervised release should be revoked because he admitted violating its conditions. Mr. Many Guns should be sentenced to eight months of incarceration, with no supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary. The reference to Partner Family Member Assault in Mr. Many Gun's petition should be stricken.

### IV. Conclusion

Mr. Many Guns was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Many Guns's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Many Guns's supervised release and what, if any,

sanction to impose.

The undersigned **FINDS:**

Eric Lee Many Guns violated the conditions of his supervised release by committing another crime while under supervision and by consuming alcohol.

The undersigned **RECOMMENDS:**

The district court should enter the attached Judgment, revoking Mr. Many Guns's supervised release and committing Mr. Many Guns to the custody of the United States Bureau of Prisons for eight months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 3rd day of October, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge